UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.:

LESLIE CARVER,

    Plaintiff,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## **COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Leslie Carver, files his Complaint against Defendant, Reliance Standard Life Insurance Company, and states that:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Leslie Carver, is a resident of Hillsborough County, Florida and was at all times relevant a participant of the long-term disability policy at issue. Defendant, Reliance Standard Life Insurance Company (hereinafter "Reliance" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, and is a foreign corporation authorized to do business in Florida and can be found in the Middle District of Florida.

## III.   FACTS

3. At all times material to this action there was in full force and effect a group disability insurance policy for long-term disability benefits (the "LTD policy") that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Carver was employed by Inlanta Mortgage, Inc., as a Mortgage Underwriter. By virtue of her employment, Ms. Carver was an eligible participant of the LTD policy at all times material to this action.

6. The purpose of the LTD policy was to provide Ms. Carver a monthly benefit if she became disabled ("LTD benefits").

7. The LTD policy defines Disability, in pertinent part, as follows:

*Totally Disabled and Total Disability mean, that as a result of an Injury or Sickness:*

*(1) During the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;*
  *(a) Partially Disabled and Partial Disability mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;*
  *(b) "Residual Disability means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and*
*(2) After a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of Any Occupation. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.*

8. The LTD policy states the following under Claims Provision:

> ***CLAIM FORMS***: *when we receive the notice of claim, we will send the Claimant the claim forms to file with us. We will send them within fifteen (15) days after we receive notice. If we do not, then proof of Total Disability will be met by giving us a written statement of the type and extent of the total Disability. The statement must be sent within ninety (90) days after the loss began.*
>
> ***PAYMENT OF CLAIMS***: *when we receive written proof of Total Disability covered by this policy, we will pay any benefits due. Benefits that provide for periodic payment will be paid for each period as we become liable.*

9. Ms. Carver suffers from vision issues including glaucoma in both eyes, cataracts, posterior vitreous detachment in the right eye, nuclear sclerosis in both eyes and chorioretinal scars in the right eye.

10. Ms. Carver has been unable to perform the essential duties of her own occupation or any occupation. Ms. Carver is disabled under the terms of the LTD policy.

11. Due to her disabling conditions, Ms. Carver was forced to discontinue working on October 15, 2021.

12. Subsequently, Ms. Carver submitted a claim for short term disability ("STD") benefits. The claim was denied by letter dated January 25, 2022.

13. By letter dated March 9, 2022, Ms. Carver notified Defendant of her intent to file a long-term disability ("LTD") claim and requested any forms necessary to perfect her claim.

14. By letter dated March 17, 2022, Ms. Carver sent a second letter notifying Defendant of her intent to file an LTD claim and requested any forms necessary to perfect her claim.

15. By email dated March 17, 2022, Reliance notified Ms. Carver that "given that the short term disability claim was denied we never transitioned the claim to the Long Term Disability department."

16. The LTD Policy does not require a STD claim be approved before an LTD claim be initiated or transitioned to the Long Term Disability department.

17. By letter dated July 12, 2022, Ms. Carver submitted an appeal of the STD claim denial and another notice of LTD claim initiation.

18. By letter dated August 22, 2022, Ms. Carver sent a follow up to the previously submitted LTD claim initiation letters.

19. By email dated August 26, 2022, more than five months after the initial LTD initiation letter was sent to Defendant, Defendant provided the "paperwork that needs to be completed to have [the long term disability claim] initiated."

20. By letter dated September 9, 2022, Ms. Carver submitted an Independent Medical Evaluation by Dr. Charles Luxenberg dated August 23, 2022.

21. In his report, Dr. Luxenberg concludes "It is my professional medical opinion that she has not been able to work in her own occupation or any occupation involving extensive use of her eyes since [October 15, 2021]."

22. By letter dated September 27, 2022, Ms. Carver provided the completed the LTD claim forms signed by her, her employer and her treating physician to the LTD claims' examiner.

23. By email dated September 28, 2022, Defendant acknowledged the LTD paperwork was received and "the long term disability claim has been set up. . . and was just assigned to the LTD examiner today."

24. By letter dated September 29, 2022, the STD appeals specialist notified Ms. Carver that her STD claim was subject to a pre-existing condition investigation because she was enrolled in a "Buy-Up" policy.

25. By letter dated October 3, 2022, Defendant acknowledged Ms. Carver's claim for LTD benefits "and have begun initial processing of her claim."

26. In that same letter, it requested an information regarding Social Security Disability ("SSDI") benefits be forwarded to Defendant.

27. By letter dated November 14, 2022, Ms. Carver provided a Social Security benefit verification letter indicating her date of disability under Social Security Administration rules was July 6, 2017.

28. By letter dated November 23, 2022, Defendant approved the STD appeal and advised her STD claim was sent back to the claim examiner for processing.

29. By email dated November 28, 2022, Defendant advised that Ms. Carver's buy-up benefits were also approved for the STD claim.

30. By letter dated November 28, 2022, Ms. Carver notified Defendant's LTD examiner that the STD appeal was approved.

31. In an email dated November 30, 2022, Defendant notified Ms. Carver that her LTD file was submitted for a medical review.

32. By email dated December 12, 2022, Defendant notified Ms. Carver that her LTD claim was still being reviewed and being brought for "a roundtable discussion this week."

33. By email dated December 21, 2022, Defendant advised that it "determined that in order to fully evaluate the claimant's visual function beyond 1/2022, an independent ophthalmology IME will be requested."

34. Defendant did not request an extension of time or cite a special circumstance warranting an extension beyond the 45-day deadline as required under ERISA.

35. By letter dated December 29, 2022, Ms. Carver advised Defendant that the 45-day deadline to make a claim determination had passed.

36. By letter dated January 9, 2023, Ms. Carver again advised that the 45-day deadline to make a claim determination had passed.

37. By email dated January 12, 2023, Reliance's counsel responded to the December 29, 2022 letter disagreeing that the time frame to make a decision has passed.

38. Ms. Carver responded in a letter dated January 17, 2023 detailing the timeline of her claim, including that the 105-day deadline was January 10, 2023.

39. Defendant has failed and refused to render a decision on Ms. Carver's claim for LTD benefits in the time period allowed under ERISA.

40. Ms. Carver's claim for LTD benefits is deemed denied by Defendant's failure to render a timely decision.

41. Due to Defendant's failure to strictly comply with ERISA's regulatory deadline, Ms. Carver has exhausted her administrative remedies.

42. Defendant's denial of Ms. Carver's long-term disability benefits breached the fiduciary duties owed to Ms. Carver under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Carver as a participant of the long-term disability policy.

### IV.   COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 42 as if fully stated herein and further states that:

43. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

44. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

45. Defendant has refused to pay the long-term disability benefits sought by Ms. Carver ignoring the medical records and clear opinions of his treating physicians.

46. Defendant has failed and refused to make a decision on Ms. Carver's long-term disability claim within the timeframe allotted under ERISA.

47. When a claims administrator fails to strictly adhere to required procedures, such as deadlines for issuing decisions, "the claimant is deemed to have exhausted the administrative remedies available under the plan," can seek judicial review even if the plan's internal process has not run its course, and "the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary." 29 C.F.R. § 2560.503-1(l)(2)(i).

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 47 as if fully stated herein and further states that:

48. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 48 as if fully stated herein and further states that:

49. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

50. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

51. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Leslie Carver, prays for a judgment against Defendant, Reliance Standard Life Insurance Company, for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 24th day of January 2023.*

*/s/ Bryn Natland*
Bryn Natland (FBN. 86603)
kprobst@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Leslie Carver*